# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GULF COAST ENERGY LLC, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION H-13-2985 |
| § | |
| BANK OF AMERICA CORPORATION, *d/b/a/* § | |
| BANK OF AMERICA MERRILL LYNCH, *et al.*, § | |
| § | |
| *Defendants*. § | |

## ORDER

Pending before the court are several motions: 1) plaintiff Gulf Coast Energy LLC's ("Gulf Coast") motion to modify subpoena request no. 3 and to quash request no. 10 ( Dkt. 38) served by defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") on third-party Valero; 2) an unopposed[1] motion for leave to exceed the page limit (Dkt. 40) for a motion for summary judgment by plaintiff; 3) an agreed motion to extend the time for defendant to file a response (Dkt. 41) to plaintiff's partial motion for summary judgment; and 4) and an agreed motion to seal Document No. 39 (Dkt. 42) due to its reference of documents marked as confidential and pursuant to the parties' protective order. At the outset the court **GRANTS** the unopposed and agreed motions in Dkts. 40, 41 and 42.

Remaining before the court is the motion to modify and quash parts of the subpoena served by Merrill Lynch on Valero. Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery

---

[1] Initially this motion was opposed, but the defendant no longer opposes the motion. Dkt. 41.

appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A subpoena is one option through which to obtain discovery. Courts *must* quash or modify a subpoena that "i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A). A court *may* quash or modify a subpoena if it requires "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." FED. R. CIV. P. 45(d)(3)(B). A party may have standing to quash a non-party subpoena if it can allege a "personal right or privilege with respect to the materials subpoenaed." *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). However, "[a] party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself . . . ." 8A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2035 (3d ed. 2014). Therefore, a party does not have standing to quash a non-party subpoena on the basis that the non-party would be subjected to an undue burden, when the non-party itself failed to so object. *Bramell v. Aspen Exploration, Inc.*, No. 4:05-CV-384, 2008 WL 4425368, at *2 (S.D. Tex. May 18, 2010); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

Plaintiff Gulf Coast argues that requests No. 3 and No. 10 impose an undue burden on Valero to produce what is irrelevant information. Dkt. 38 at 2, 8. However, it is not clear what personal right, privilege or interest Gulf Coast has in Valero's burden of producing the documents. Moreover, Merrill Lynch points out that Valero complied with the subpoena on December 8, 2014 without any objection. Dkt. 43 at 6. Therefore, Gulf Coast does not have standing to object to the burden

imposed on Valero. Gulf Coast's second ground to modify and quash the subpoena is that it seeks irrelevant information. Based on Merrill Lynch's response, the court is persuaded that the information requested is relevant for discovery purposes and is reasonably calculated to lead to the discovery of admissible evidence. Dkt. 43 at 9–10 (describing the relevance of the information). For the foregoing reasons the court **DENIES** plaintiff's motion to quash and modify the third-party subpoena (Dkt. 38).

It is so **ORDERED**.

Signed at Houston, Texas on December 23, 2014.

_____
Gray H. Miller
United States District Judge